IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TARONE M. JONES, | : | No. 3:25-CV-0461 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| BETH A. RICKARD, | : | |
| Respondent | : | |

## MEMORANDUM

Petitioner Tarone M. Jones initiated the above-captioned action by filing a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He attempts to collaterally attack his 2008 sentence entered by the United States District Court for the Northern District of Iowa. The court will dismiss Jones' Section 2241 petition for lack of jurisdiction.

I.    BACKGROUND

At the time of filing, Jones was serving a 240-month sentence for felon in possession of a firearm, 18 U.S.C. § 922(g)(1). See United States v. Jones, 5:08-cr-04018-1, Doc. 51 (N.D. Iowa Dec. 8, 2008). One of the reasons for Jones' lengthy sentence was that he had been determined to be an armed career criminal under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), thereby statutorily increasing his sentence for the Section 922(g) offense. See 18 U.S.C. § 924(e)(1); Jones v. United States, 5:11-cv-04028, Doc. 20 at 5 (N.D.

Iowa Aug. 22, 2012). Jones exhausted his direct appeal rights when the Supreme Court of the United States denied his petition for a writ of certiorari on October 4, 2010. See Jones, 5:11-cv-04028, Doc. 20 at 6.

On March 22, 2011, Jones filed a motion to vacate or correct sentence under 28 U.S.C. § 2255. See id., Doc. 1. The sentencing court denied that motion on August 22, 2012. See id., Docs. 20, 21. Jones sought a certificate of appealability, but that request was denied by the United States Court of Appeals for the Eighth Circuit on October 2, 2013. See id., Docs. 39, 40.

Approximately five years later, Jones filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Southern District of New York. See Jones v. Blanckensee, No. 18-CV-8427, Doc. 2 (S.D.N.Y. Sept. 13, 2018). In that petition, Jones primarily argued that his sentenced was illegally enhanced under the ACCA based on the United States Supreme Court's decision in Johnson v. United States, 576 U.S. 591 (2015). See Jones, No. 18-CV-8427, Doc. 2 at 7, 9-10, 26.

The district court reviewed Jones' Section 2241 petition and concluded that it was collaterally attacking his 2008 sentence under 28 U.S.C. § 2255. See id., Doc. 4. Noting that Jones had already filed one such motion, it transferred the case to the Eighth Circuit to determine whether the court of appeals would grant Jones authorization to file a second or successive Section 2255 motion. See id.,

2

Doc. 4 at 1-2; 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Following transfer, the Eighth Circuit denied Jones' request to file a second or successive Section 2255 motion. See Jones, 5:11-cv-04028, Docs. 48, 50, 51. On July 27, 2022, the Eighth Circuit denied an additional application from Jones seeking authorization to file a second or successive Section 2255 motion. See id., Docs. 52, 53.

Jones lodged the instant Section 2241 petition in this court on March 12, 2025. (Doc. 1). He once again attempts to collaterally attack his sentence through 28 U.S.C. § 2255(e) and Section 2241, relying primarily on the United States Supreme Court's decision in Johnson. Because this court does not have jurisdiction to entertain the instant Section 2241 petition, it must be dismissed.

## II.  DISCUSSION

Jones once again attempts to challenge his 2008 sentence by arguing that his prior offenses do not count as ACCA predicates following the Supreme Court's 2015 Johnson decision. (See Doc. 1 at 4, 6, 11). His attempt to utilize Section 2255(e) and Section 2241 to collaterally attack his sentence fails. Jones could have raised his Johnson-based claim by filing a timely application with the Eighth Circuit seeking authorization to file a second or successive Section 2255 motion under 28 U.S.C. § 2255(h)(2). Moreover, recent Supreme Court precedent forecloses Jones' attempt to utilize a Section 2241 petition to challenge his conviction.

Generally, the presumptive method for bringing a collateral challenge to the validity of a federal conviction or sentence is a motion to vacate pursuant to 28 U.S.C. § 2255.  See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citation omitted).  Only in the exceedingly rare circumstance where a Section 2255 motion is "inadequate or ineffective to test the legality of [the inmate's] detention" can a federal prisoner proceed under Section 2241 instead of Section 2255.  See 28 U.S.C. § 2255(e) (sometimes referred to as the "safety valve" or "saving clause"); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), abrogated by Jones v. Hendrix, 599 U.S. 465 (2023).

For many years, the law in the Third Circuit (and the majority of other circuits) was that this "saving clause" in Section 2255(e) applied when an intervening change in controlling, substantive law renders the petitioner's prior conduct noncriminal.  See Bruce v. Warden Lewisburg USP, 868 F.3d 170, 179-80 (3d Cir. 2017) (collecting cases), abrogation recognized by Voneida v. Johnson, 88 F.4th 233 (3d Cir. 2023).  In other words, for more than two decades, the Third Circuit held that Section 2255(e) permitted a federal prisoner to resort to Section 2241 when he "had no earlier opportunity to challenge" a conviction for a crime "that an intervening change in substantive law may negate."  Id. at 180 (quoting Dorsainvil, 119 F.3d at 251).

On June 22, 2023, however, the Supreme Court of the United States decided Jones v. Hendrix, abrogating—among other circuit court decisions—In re Dorsainvil and affecting a sea change in habeas practice with respect to Section 2241 petitions. See Jones, 599 U.S. at 477. The Jones Court explicitly held that "§ 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." Id. at 471.

Rather, Section 2255(e)'s saving clause is reserved for exceedingly rare situations where it is "impossible or impracticable to seek relief in the sentencing court," such as when the sentencing court dissolves or when the prisoner is unable to be present at a necessary hearing. See id. at 474-75, 478. The saving clause also "preserves recourse to § 2241 . . . for challenges to detention other than collateral attacks on a sentence." Id. at 478; see also id. at 475-76. In all other circumstances, a convicted prisoner's *only* avenue for filing a second or successive Section 2255 motion attacking his sentence is expressly codified in 28 U.S.C. § 2255(h): "newly discovered evidence," 28 U.S.C. § 2255(h)(1), or "a new rule of *constitutional* law," id. § 2255(h)(2) (emphasis added). Jones, 599 U.S. at 477-80.

Jones' Section 2241 petition fails under even the more lenient law that preexisted Jones v. Hendrix. Section 2255(e)'s saving clause does not apply

5

because Jones had the ability to timely file a Johnson-based application with the Eighth Circuit seeking authorization to file a second or successive Section 2255 motion. See 28 U.S.C. § 2255(h) (permitting a second or successive Section 2255 motion that contains "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable).[1] It appears, in fact, that Jones filed several such applications. See Jones v. United States, No. 1:22-cv-03817, Doc. 4 at 5 (S.D.N.Y. June 28, 2022) (noting that Jones unsuccessfully raised his Johnson-based claims to the Eighth Circuit in 2016, 2017, and 2018 in petitions seeking permission to file second or successive Section 2255 motions). The fact that the Eighth Circuit did not grant Jones' repeated requests for authorization to file a second or successive Section 2255 motion does not render Section 2255 "inadequate or ineffective" such that he can resort to Section 2241. See Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) ("Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." (citation omitted)).

---

[1] Johnson's holding was made retroactive to cases on collateral review by Welch v. United States, 578 U.S. 120 (2016).

6

Accordingly, Section 2255(e)'s saving clause does not apply to Jones' claim. Thus, his Section 2241 petition must be dismissed for lack of jurisdiction. See Cradle, 290 F.3d at 538, 539.

### III.  CONCLUSION

Based on the foregoing, the court will dismiss Jones' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The court declines to transfer Jones' petition to the Eighth Circuit, as it is clear that he cannot meet the stringent jurisdictional requirements to file a second or successive Section 2255 motion. Jones has repeatedly and unsuccessfully raised identical arguments in prior applications to the Eighth Circuit for permission to file second or successive Section 2255 motions, and those applications have been denied. Therefore, it is not "in the interest of justice" to transfer his petition. See 28 U.S.C. § 1631. An appropriate Order follows.

Date: 8/27/25

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court